### INTERNATIONAL SUPPLY CO. et al. v. OWENS et al.

No. 22777. Opinion Filed Nov. 22, 1932.

Phillip N. Landa and Hal Crouch, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and T. H. Otteson, for respondents.

RILEY, J. Herein is presented a petition to review an award of the State Industrial Commission in favor of J. M. Owens, respondent herein, claimant below.

The award is based upon a finding of the State Industrial Commission in effect that claimant received an accidental injury while in the employ of one William Finkbeiner, while driving a truck hauling material for the International Supply Company, and that Finkbeiner was a contractor for the supply company and had failed to provide compensation insurance for his employees, and by reason thereof Finkbeiner, as the employer of claimant, was primarily and the supply company and its insurance carrier, Union Indemnity Company, were secondarily liable for compensation.

It is said in the brief of petitioners:

"There is no dispute as to the extent of the claimant's injuries," and that "The only issue presented for the consideration of this court is that there is no evidence in the record to support the finding of the Commission that William Finkbeiner was an independent contractor to the International Supply Company or that the claimant was driving the truck hauling material for the International Supply Company."

A sufficient answer to the first contention is that petitioner International Supply Company, respondent below, on Form 18, prescribed by the Commission, as reasons for not filing report of the alleged accident January 6th stated:

"Respondent International Supply Company states that John Owens, claimant, has never been in its employment, that it does not have any knowledge of the injury of John Owens; that respondent entered into a verbal contract with William Finkbeiner wherein William Finkbeiner agreed to haul cer-

tain material belonging to this respondent from Lovell. Okla.. to Tulsa. Okla.. for which this respondent was to pay said Finkbeiner 46¢ per hundred. * * * In other words, Finkbeiner was an independent contractor who assured this respondent that he carried compensation."

This is a clear admission that Finkbeiner was an independent contractor for petitioner International Supply Company. No evidence was necessary in the face of this admission.

Claimant testified that he was injured while hauling material belonging to the International Supply Company from Lovell to Oklahoma City, and while in the employ of Finkbeiner. True, the record showed when the transcript was filed that in answer to a question propounded to him as to whom the material belonged, he said: "The National Supply people."

The record has since been withdrawn and corrected so as to show that his answer was, "The International Supply people." Upon this evident error by the reporter, petitioners contend that the evidence is that the material belonged to the National Supp'y people, which is an entirely different organization, distinct and apart from the petitioner International Supply Company. Since the brief of respondents was filed calling attention to the error and the fact that the record had been withdrawn and corrected, petitioners have made no contention that the withdrawal and correction was not proper. Therefore, there is no merit in the petition to review, and same is denied and the award of the State Industrial Commission is affirmed.

LESTER. C. J.. and HEFNER, CULLISON. SWINDALL. ANDREWS, McNEILL, and KORNEGAY, JJ.. concur. CLARK, V. C. J., absent.